UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| **BUDDY W. WILLSEY** ) | |
| ) | CIVIL CASE NO. 1:11-CV-0025 |
| **Plaintiff,** ) | (GTS/DRH) |
| ) | **COMPLAINT** |
| vs. ) | |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## COMPLAINT
## SEEKING DAMAGES FOR
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## AND
## UNFAIR TRADE PRACTICES

Buddy Willsey, plaintiff by and through attorney of record, Ronald J. Kim, Esq., alleges as follows:

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages brought by plaintiff, Buddy Willsey ("plaintiff"), an individual consumer, against Portfolio Recovery Associates, LLC ("defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York General Business Law, Section 349 ("GBL"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PARTIES

5. The plaintiff, is a natural person residing in South Glens Falls, Saratoga County, New York.

6. The defendant is on information and belief, a limited liability corporation with a principal place of business located at 140 Corporate Boulevard, Norfolk, VA 23502.

7. Upon information and belief, defendant was hired or contracted by non-party Capital One Bank, N.A. to collect the debt which is the subject of this complaint.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6), in that it regularly attempts to collect debts alleged to be due to another.

9. The plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. Section 1692(a)(3).

10. The debt that is the subject of this complaint meets the definition of FDCPA, 15 U.S.C. Section 1692(a)(3).

11. Defendant also "conducts a business" and/or "furnishes a service" as those terms are defined in GBL §349.

## FACTUAL ALLEGATIONS

12. On January 8, 2010, defendant contacted the plaintiff via letter which stated in pertinent part: "**Account Selected for Legal Review…**Your account has been transferred to the Litigation Department. At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account.…**Portfolio Recovery Associates wants to help you resolve this account and avoid potential legal action!** However, if you don't resolve this account and a lawsuit is filed against you, a judgment may be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you, including wage garnishments or property liens, if permitted by state law. See attached hereto as Exhibit A a true and correct copy of a letter dated January 8, 2010 from Defendant to Plaintiff ("first demand letter.")

13. The first demand letter also explicitly states: "At this time, no attorney within the Litigation Department has personally reviewed the particular circumstances of your account."  Id.

14. On March 3, 2010, defendant contacted the plaintiff again via letter which stated in pertinent part: "**Second Notice: Account Selected for Legal Review…**Your account remains unresolved, despite our previous communication attempts; however, you still

have a chance to settle this debt.  While, attorneys in the Litigation Department have not yet personally reviewed the particular circumstances of your account, this may be your last opportunity to avoid legal activity.  **Portfolio Recovery Associates still wants to help you resolve this account and avoid potential legal action!**  However, if you don't resolve this account and a lawsuit is filed against you, a judgment may be obtained and our local attorney may take any action that is legally available in your state to collect this debt to enforce any such judgment against you, including wage garnishments or property liens, if permitted by state law.  See attached hereto as Exhibit B a true and correct copy of a letter dated March 3, 2010 from Defendant to Plaintiff ("second demand letter.")

15. The second demand letter also explicitly states: "While, attorneys in the Litigation Department have not yet personally reviewed the particular circumstances of your account, this may be your last opportunity to avoid legal activity"  Id.

16. Neither the defendant, nor its agents, servants, assigns and/or employees ever took legal action against the plaintiff.

17. On information and belief, this account was not selected for "legal review."

18. In the alternative, if the account was selected for "legal review," the failure of any attorney to review the file, as stated in both letters, prior to its "selection" is a deceptive, misleading attempt to collect the debt.

**First Claim for Relief**
**(New York Deceptive Business)**

19. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

20. The plaintiff is a "consumer" as that term is defined by GBL Section 349.

21. The defendant's first demand letter is an unfair and deceptive business practice on a consumer which was and did mislead the plaintiff and did in fact cause actual harm.

22. The defendant's second demand letter is an unfair and deceptive business practice on a consumer which was and did mislead the plaintiff and did in fact cause actual harm.

23. The defendant's unfair and deceptive business practice was a willful and knowing violation of GBL Section 349.

24. As a result thereof, the defendant is liable for actual and compensatory damages, and statutory damages in the sum of $50.00 per violation, along with attorney's fees and costs.

### Second Claim for Relief
### (Fair Debt Collection Practices Act)

25. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

26. The defendant's first demand letter, attached hereto, violates 15 U.S.C. Section 1692e in that this communication with its implied threat of legal action, is a false, deceptive, and misleading communication.

27. The defendant's second demand letter, attached hereto, also violates 15 U.S.C. Section 1692e in that this communication with its implied threat of legal action, is a false, deceptive, and misleading communication.

28. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 per letter along with attorney's fees.

### Third Claim for Relief
### (Fair Debt Collection Practices Act)

29. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

30. The defendant's first demand letter, attached hereto, violates 15 U.S.C. Section 1692e(2)(A) in that the communication is a false representation of the nature of the debt and actions that the defendant intends to take in connection with it.

31. The defendant's second demand letter, attached hereto, also violates 15 U.S.C. Section 1692e(2)(A) in that the communication is a false representation of the nature of the debt and actions that the defendant intends to take in connection with it.

32. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 per letter along with attorney's fees.

### Fourth Claim for Relief
### (Fair Debt Collection Practices Act)

33. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

34. The defendant's first demand letter, attached hereto, violates 15 U.S.C. Section 1692e(5) in that the communication is a false threat to take action that the defendant did not intend to take.

35. The defendant's second demand letter, attached hereto, also violates 15 U.S.C. Section 1692e(5) in that the communication is a false threat to take action that the defendant did not intend to take.

36. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 per letter along with attorney's fees.

### Fifth Claim for Relief
### (Fair Debt Collection Practices Act)

37. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

38. The defendant's first demand letter, attached hereto, violates 15 U.S.C. Section 1692e(10) in that the communication was a false means to collect the debt.

39. The defendant's second demand letter, attached hereto, also violates 15 U.S.C. Section 1692e(10) in that the communication was a false means to collect the debt.

40. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 per letter along with attorney's fees.

### Sixth Claim for Relief
### (Fair Debt Collection Practices Act)

41. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

42. The defendant's first demand letter, attached hereto, violates 15 U.S.C. Section 1692e because it states that the account has been selected for "legal review" but also states that "no attorney within the Litigation Department has…reviewed the particular circumstances of your account…."

43. The defendant's second demand letter, attached hereto, violates 15 U.S.C. Section 1692e because it states that the account has been selected for "legal review" but also states that "…attorneys in the Litigation Department have not yet personally reviewed the particular circumstances of your account…."

44. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering, and statutory damages of $1,000.00 per letter along with attorney's fees.

**WHEREFORE,** the plaintiff having set forth his claims for relief against the defendant respectfully prays of the Court as follows:

A. Order the defendant to pay a sum to the plaintiff for actual and compensatory damages; including emotional distress and pain and suffering;

B. Order the defendant to pay a sum to the plaintiff for statutory damages;

C. Order the defendant to pay a sum to the plaintiff for statutory damages;

D. Order the defendant to pay all reasonable legal fees and expenses incurred by plaintiff's attorney;

E. Order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of New York GBL Section 349;

F. Order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

G. Order such other and further relief as the Court may deem just and proper.

Dated: January 7, 2010   **/s/Ronald J. Kim/s/**
Ronald J. Kim, Esq.
*Attorney for Plaintiff*
Bar Roll # 511156
Law Offices of Ronald J. Kim
PO BOX 318
Saratoga Springs, NY 12866
518-581-8416 Telephone
518-583-9059 Facsimile
Ron@RonaldKimLaw.com E-mail